IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JADE PHUONG TRAN,                    §
                                     §
            Plaintiff,               §
                                     §
V.                                   §        No. 3:25-cv-302-K-BN
                                     §
RICHARD BACHUS, ET AL.,              §
                                     §
            Defendants.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jade Phuong Tran filed this *pro se* lawsuit requesting monetary damages against an individual Denton County constable, the Dallas Police Department, and the City of Dallas, alleging that, because she was evicted in violation of a state court order, the defendants (1) violated the Fourth and Fourteenth Amendments to the United States Constitution (since "[t]he execution of the eviction was illegal because of the active appeal and court-approved motion to stay" and was accomplished "without due process, ignoring the legally valid stay of execution"); (2) the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA") (because of an asserted disability); and (3) Texas law. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade referred Tran's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Tran leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. No. 7.

And, having reviewed the complaint and considered the public record of which the Court may take judicial notice, the undersigned recommends that the Court dismiss this case under 28 U.S.C. § 1915(e)(2).

## Legal Standards

Section 1915(e)(2) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements,

including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

### Analysis

Undertaking the analysis set out above, the Court is not limited to the four corners of Tran's complaint and may take judicial notice of the state court proceedings referenced in that complaint as a matter of public record. *See* Dkt. No. 1 at 1 (referring to Tran's appeal of "an eviction judgment"); *see, e.g., Starke v. Kohutek*, No. 3:24-cv-1434-G-BN, 2025 WL 2212197, at *1 (N.D. Tex. May 27, 2025) ("[O]n judicial screening under Section 1915(e), the Court may take notice of Starke's state criminal prosecution as a matter of public record." (citing *Stiel v. Heritage Numismatic*

*Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court considering the plausibility of a complaint's allegations may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record"))), *rec. accepted*, 2025 WL 2211789 (N.D. Tex. Aug. 4, 2025).

Tran's theory as to why the defendants violated the Constitution, the ADA, and the FHA – and subjected her to intentional infliction of emotional distress, in violation of Texas law – is that they acted "outside their lawful authority" when she was evicted on February 6, 2025 because, "[o]n November 15, 2024, [she] filed an appeal against an eviction judgment, staying the eviction process under Texas law" and, "[o]n December 30, 2024, [her] motion to stay execution of the writ of possession was accepted by the court, meaning Defendants had no legal right to proceed with the eviction." Dkt. No. 1 at 1-2.

The appeal that Tran centers her allegations on, from a decision of the County Court at Law No. 2, in Denton County, Texas, was docketed in the Fort Worth Court of Appeals but was dismissed as moot on May 29, 2025 after that "court learned that on February 6, 2025 – after Tran had filed her notice of appeal – the constable executed a writ of possession that turned possession of the property over to 2600 Ventures." *Tran v. 2600 Ventures*, No. 02-24-00513-CV, 2025 WL 1536394 (Tex. App. – Fort Worth May 29, 2025) ("On April 17, 2025, we sent Tran a letter stating that we were concerned that her appeal was moot. We stated that unless she or any party desiring to continue the appeal filed a response showing grounds for doing so on or

before April 28, 2025, the appeal would be dismissed. *See* Tex. R. App. P. 42.3(a), 44.3. Tran did not respond to our letter.").

The docket from this appeal confirms that Tran did file an emergency motion to stay the execution of the writ of possession that was received by the court of appeals on February 6, 2025, in which Trans asserts that, under "Texas Property Code § 24.007, the filing of an appeal automatically suspends the enforcement of a writ of possession, barring any further eviction until the appeal is resolved."

But the undersigned cannot agree with Tran's reading of that provision of Texas law. Section 24.007 instead provides that

> [a] final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

Tex. Prop. Code § 24.007.

And Tran fails to allege that she filed a supersedeas bond. So she has not plausibly alleged that, in effecting the eviction, any defendant took any action in violation of a court order, Texas law, or the Fourth or Fourteenth Amendments. *Cf. Mount v. Escondido Vill., LLC*, No. 10-21-00300-CV, 2022 WL 3453375, at *1 (Tex. App. – Waco Aug. 17, 2022) ("Because no supersedeas bond was filed, this Court denied" the appellant's "Emergency Motion to Stay the Writ of Possession in this Court.").

Nor has Tran plausibly alleged that the eviction amounted to disability discrimination under eithr the ADA or the FHA where she fails to provide factual content that could support a reasonable inference that she was evicted because of a disability. *See Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (a plausible claim of ADA discrimination requires a plaintiff to provide facts to support "that he has a disability" (cleaned up)); *Crain v. City of Selma*, 952 F.3d 634, 640-41 (5th Cir. 2020) ("a prima facie claim of disparate treatment under the FHA" requires a plaintiff to establish "membership in a protected class" (cleaned up)).

The Court should therefore dismiss the complaint under Section 1915(e) for failure to state a claim on which relief may be granted.

And the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Tran an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

## Recommendation

Unless Plaintiff Jade Phuong Tran shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this

lawsuit with prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 10, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE